Case No. 17-5009, Lynn Feldman as Chapter 7 Trustee of the Estates of Eastern Mastered, Inc., OPFM, Inc., DBA Personal Financial Management, Inc., Mortgage Assistance Professionals, Inc., Mortgage Assistance Professionals, Inc. 2, Discover Treasurers, Inc., and DIVIDIT, Inc. vs. Federal Deposit Insurance Corporation as Receiver for both IndyMac Bank, FSB, and Washington Mutual Bank. Mr. DeVito for the Appellant. Ms. Ogneben for the Appellee. Give us a moment here. Thank you. Good morning, Your Honors, and may it please the Court. Although this case involves a subject matter jurisdiction question arising under FIREA, which is a statute that has something of a well-deserved reputation for being an impenetrable thicket, briefing, I think, has really narrowed the issue to something of a very simple pleading issue rather than one requiring the Court to engage in statutory interpretation. And that issue is whether the facts set forth in the plaintiff's complaint suffice to permit her to invoke late-filed claim exception, which is set forth in Section 1821d5c2 of Twelve United States Code. In finding the pleading insufficient, the District Court made a fundamental and highly prejudicial error in selecting the standard of review that applied to the FDIC's jurisdiction challenge, treating that challenge as a factual challenge rather than what was clearly intended only as a facial challenge. Meaning what? Meaning that... The Court lacked jurisdiction because... Well, the Court said that it lacked jurisdiction because I find that you failed to present sufficient evidence to me to prove jurisdiction by a preponderance. But in doing that, the Court didn't accept the allegations in the complaint and limit its analysis to looking only at what the complaint said and the inferences available therefrom. There was no record. There was no evidence submitted by anyone. And certainly, the plaintiff had no notice that the Court was going to treat what the FDIC has never said it intended to make into a factual challenge as anything but a facial challenge. So, in looking at the challenge, what was the error? Well, the error is... The District Court made findings of fact with respect to a motion to dismiss. That's the error. There you go. We just said in heard in July in a case we issued. The other slide says the District Court relied on judicial notice to find facts. And in heard, we said that's absolutely prohibited on a motion to dismiss. The District Court can't wander around looking for facts. I mean, why don't you state your case? The case is the District Court made findings with respect to which your client was entitled to the inference on the face of the complaint. That's... The District Court can't make findings of fact on a motion to dismiss. Absolutely, it can't. Well, that's your answer to... Well, I was trying to get to a... Perhaps you've simplified my case even further than I thought I could. But... You're very... You're always lucky around here when Judge Edwards does that. Yes. Okay? Well, I'll just sit down. Doesn't happen to everybody. Don't count... Take my word for it. You're very fortunate. This is what we just said in heard. The District Court cannot make findings of fact. Well, so... Well, then it's very simple because there's no question that the District Court did make findings of fact to the extent it made findings of fact. It certainly didn't find support for those findings of fact in what it says in the complaint or the inferences that are available from what it says in the complaint. But the inference is supposed to be drawn in favor of the non-moving party. I mean, that's the other error. And the only question for you is whether your client pled enough in the complaint so that the facts asserted, inferences could be drawn for the case to continue forward. And we've said if there are potential issues of fact, then the District Court's got to move it to summary judgment. And that certainly didn't happen. So what's your view of the difference between whether it's facial or factual in terms of whether the District Court has to give the plaintiff the benefit of all inferences? Does the District Court have to do that either way? Under either theory? The party making the challenge has to say, this is what it is. Accept everything in the complaint is true. And I still don't think that they've made out a case for subject matter jurisdiction. And what is that? Is that facial? Yes, that's facial. And under that case, you do give the plaintiff the benefit of all the inferences, correct? Yes, and that's, I think, what everyone thought was happening here, except then the District Court says, well, you failed to meet your burden of proof by preponderance of the evidence, I find. Remind me if I'm remembering correctly, both sides, the appellee and the appellate, in their number of pleadings, say there's no doubt this is a facial challenge. There was no confusion in the minds of the parties. There wasn't. The other side, and they can answer for themselves when they get up, the other side tries to get around that problem by saying, well, the District Court took judicial notice of these critical facts. I don't know where that comes from, because Heard in many other cases has said, District Court can't take judicial notice of potentially disputed facts or make findings. Everyone agreed this was a facial challenge. Correct. And so, I think what we're looking at, look, that's the error, and I think that's sufficient right there to require reversal. There are fact findings made on an empty record without any obviously prejudicial, and so this notion that the FDIC tries to argue that this was somehow a harmless error is completely incorrect. But I think there's... So, in line with an old case of ours, I think it's Papandreou's, where we said some discovery is permissible regarding jurisdictional questions. We just send it back to the District Court, is your view? That's correct. Yeah, you haven't won anything. No, absolutely. I mean, all we thought we had done was plead a sufficient basis for invoking jurisdiction. That's what we were talking about, whether your pleading was sufficient to keep you in the game, on its face. There was nothing more that was presented. The other side didn't present anything that any court could look at. No, not at all. So, one response is, the only question was, did your client have notice, at least inquiry notice? And what kind of discovery would proceed on that ground? It would basically allow you to, what, flesh out your complaint? Sure, if they want to persist in raising a subject matter jurisdiction challenge. Meaning, if they don't believe that my client lacked notice in time to file a timely claim by the bar date, then I suppose that we can take discovery on that issue and they can ask... Did you know? Lack notice. Lack notice. No, we didn't know. You didn't know. All right, so that's the nature of the discovery. Sure, but the... Because I thought you also had a point that you could have discovered the procedures being followed here as to whether or not her October 8th letter had been received. Well... No? I just want to be clear what your... Isn't that your case? You're talking about the last file exception applies. Yeah, absolutely. Well, that's the discovery you want. You want to pursue that, isn't that... I'm confused, isn't that... I don't think I need to pursue it because I think that the pleading sets out the case for subject matter jurisdiction. Right. But if it's disputed, then sure, we'll have... Right. And then we'll make an evidentiary record on whether or not we meet the two elements of that claim and the court will decide whether it... Who it believes, in other words. But the court can't do that on the basis of a pleading and a motion to dismiss that's based purely on subject matter jurisdiction without a... On an empty record. But... I just have two questions. In response to Judge Rogers, you said the question is whether Feldman lacked notice in time to file before the bar date, right? Yes. But I assume you meant lacked notice of the receivership, correct? Yes. That's the question. Yeah. Second question is... This is just a factual question. So what's your response to the fact that... And I didn't see any responses in your briefs that... So you rely heavily on her... On this October 8th letter, right? Correct. But after the October 8th letter, on October 31, the agency republished the notice of the receivership in the bar date. It was after that. Sure. But... And here's... So why wasn't that sufficient to put her on notice? Because publication notice isn't sufficient to defeat the exception. Publication notice that's seen... Under any circumstance... I'm assuming... You're assuming the October 8th letter put the FDIC on notice to give... To notify her of the bar date, right? That's your theory? No. Well, it doesn't need to be because... It doesn't? Why? The exception is for someone who lacks actual notice of the receiver's appointment. Yeah. It doesn't... I didn't have to... Look, in order to get into the due process argument that this could potentially be, then I would agree that the FDIC has to either know the reasonable ability to ascertain the identity of the appointment. So the other argument, just so I'm clear what your position is, is given your client and your client's admitted scope of expertise... It's not disputed here. Given the nature of her world imploding, she was at least on inquiry notice. So while publication alone does not necessarily suffice, given who she was, the type of work she was doing, she at least was placed on inquiry notice. I disagree. Well, I know you disagree, but hear me out. Okay. And there's nothing in the complaint other than those three paragraphs in an otherwise very long complaint that supports the inference that in those circumstances, she lacked even inquiry notice. I think that illustrates the error of what the district court did, right? Because I say, and I think that this is perfectly reasonable, right? My client knows that when banks get taken over by the FDIC, there's a claim procedure that has to be followed. The biggest. But she didn't know that this bank... If the FDIC can prove that she knew that Washington Mutual was in receivership with the FDIC, then I can't prove my case, but... No, but hear me out. The district court's notion was that how could she not be on inquiry notice given what she does? That cuts both ways, right? And I'm entitled to the benefit of the inferences at this point, right? So even though her world has imploded as to the biggest bank... Well, I'm not sure you've got that exactly right because my client is the trustee for a separate bunch of businesses that were being run as a Ponzi scheme. She's not thinking about Washington Mutual every day. She's the chapter seven trustee. For Image Masters, Inc. and hosts of related businesses, not for Washington Mutual. So Washington Mutual's world was imploding, but that's not my client's world. Now, here's what I think is the main point, which is the publication... When you say it's not your client's world, I understand that point, but it is your client's world to the extent of who she was representing. Well, it's her world to the extent of who she was suing among the dozens and perhaps more than dozens of parties that she needed to sue as a result of having taken over for these businesses. But she was not representing Washington Mutual. She was suing them. Yeah. And on behalf of her clients. Sure. She had to know is the argument. I hear that argument, but my point is, in this exception, the lay file claim exception, when it says notice in the statute, that has to mean actual notice. Because if it's publication notice alone, then there's no point at all. No, we're not there. We're just somebody in the field, and there's nothing in the complaint other than she sent a letter. Right. And so there's sort of two different points. One is did the FDIC know who I was so that when, and then we can get into the mail notice obligation that the FDIC has that  No, it's what her complaint told the district court about who she was. Her complaint told the district court, I sent this letter to Washington Mutual, which is in receivership under the FDIC. Obviously, I didn't know it was in an FDIC receivership because I would have sent it to the FDIC. It's not obvious. It's not obvious? Well, it's debatable. Let's say it's debatable on the face of the complaint. She gets discovery on what she knew. That's what I just want to understand. That's the way you present the case. Look, if we had known that this was the type of challenge that the district court construed it to be, then I'll have my client write out an affidavit about what she knows, and we can have an evidentiary record. And if they don't believe her affidavit, then they can take her deposition, and we'll have an evidentiary here. But that's not what happened. The question is, based solely on the complaint and with the inferences construed in favor of my client, my client certainly doesn't admit in the complaint that she knew that Washington Mutual was in receivership. So does she have the burden to demonstrate jurisdiction? She has the burden to plead jurisdiction and then to prove it if it's challenged. And if it's challenged on a factual basis, then there needs to be a record made. What's your point? Could you repeat your point about what notice has to mean, that notice must mean actual notice? Sure. Could you repeat that? For purposes of the late-file claim exception, the first element of that is that the party lacked notice of the existence of the receivership. Right. If publication notice is sufficient to defeat that, then there's no exception at all because they publish the notice before you have to comply with the bargain. I see. So it's necessarily defeated by the publication then. You mean it would only occur if they failed to give public notice. That's your point, right? Once they give public notice, there can be no exceptions unless it means actual notice. Right. Is that your argument? Yeah. Yes. If publication notice is sufficient to defeat the exception, then there is no exception because the published notice goes out before anyone has to comply with the bargain. You're pushing the due process problems that we've raised. And then at one point you said the main point is, and you didn't finish your sentence, would you? Well, I think that the main point there was relating to the point I just made relative to the actual, that notice in that section of the statute has to mean actual notice. The due process argument, Judge Edwards, is, again, on the pleading, I think there's no question that the letter that my client sent to Washington Mutual at least plausibly could have. We don't know what happened, and that's why it was wrong for the district court to do what it did. But it certainly raises an inference that the FDIC did or could have discovered the existence of my claim, in which case my claim cannot be extinguished on the basis of publication notice alone. And that's what you see, and that's the warning sort of given in this Court's opinion in Freeman, in footnote 2, and it's the holding of the Fourth Circuit's case. The point is it's distinguished between notice of receivership and notice of the process. Right. It's completely different, and that's essentially what you're arguing. Correct. Yeah. And the district court didn't attend to the due process question at all. It did not. So back to Judge Tatel's point, I thought you were going to make another point, and that was publication is never sufficient because it would be a meaningless requirement because inquiry notice has no place in this statutory construct? Is that your thesis here? Not necessarily. I think the published notice is sufficient to defeat the claims, I think, of anyone who isn't known to the FDIC potentially. But the late-file claim exception, as it's worded, right, if publication notice is sufficient to defeat it, if all they have to do is say, oh, well, we published notice in the Wall Street Journal, then that notice goes out before anyone complies with the bar date. And so then the whole world has notice. The point of publication, arguably, is to put you on notice that maybe you ought to inquire. Sure. But in order for that to be effective, someone has to see it. And so in order for publication notice to become anything like notice sufficient to defeat my right to invoke the late-file claim exception, I have to know about it. And there's no record whatsoever that that happened. In representing her clients who wanted to sue an entity about whose world it had imploded, publication was not enough to put her on inquiry notice as to whether there had been an appointment of a receiver. No. So what is the point of publication? That publication is sufficient, I think, to defeat the claims of anyone, for example, who would show up today and say, hey, I have this claim against Washington Mutual Bank. Too bad. You failed to comply with the bar date. The notice went out. We complied with our procedures. So any time a complaint is filed and there's a letter, you get discovery. No. I don't think that's the case at all. But the exception is there. Now, could someone today plausibly make out a case that they didn't know with a receivership at the time? I doubt it. I sincerely doubt it. But the way the statute's worded, if they could prove that they were buried underground for seven years, then they could probably invoke the exception. No actual notice. Now, they probably would miss the other problem of it, which is that they filed the claim in time for it to be paid. But those are the only two problems. And on the first one, it has to be actual notice or it's meaningless. Isn't the statute fairly clear in Congress saying that there are different ways you can give notice? And it uses the word shell. They are mandating mail notice because it's a better form of notice in those situations in which the sender has reason to know the address. Absolutely. And you're saying you're in that category. You're entitled to the higher form of notice. No one says you otherwise knew. There's nothing about a duty of inquiry. It says there are two forms of notice. If you are in the second category, you're entitled to it. And I think that's where Freeman is wandering off into the due process concern. Congress made the call, and it shall is a requirement. It's not may. It says you must if you have reason to know that this person might have a claim. And the fight here is whether or not the complaint with the inferences drawn in favor of your client gets you that far along. No question. And that's not only the Freeman footnote, but that's essentially the Supreme Court's decision in Mullen v. Central Hanover Bank from 1950. If someone's distinguishing your property rights, then you're entitled to written notice as opposed to someone putting something in a newspaper. So sort of an unrelated question. The complaint does not allege that Feldman lacked actual notice, does it? I would concede, Your Honor, that at this point, if I had known that this would happen. Was there a reason for not making that allegation? No, there wasn't a reason. I think we didn't know that there was going to be this type of subject matter jurisdiction challenge. And then when it turned into one, we – But you know the statute. I mean, you know – Sure, and I think – What you said to us very clearly has to be actual notice, yet your complaint doesn't allege it. Now, the reason I ask is you say in your reply brief you're prepared to do that, right? Yes. But in the district court, you know, when the FDIC made this same point that the complaint doesn't allege absence of notice, you didn't amend your complaint then. No, because I didn't think I need to, and I still don't think I needed to, because I'm entitled to the benefit of the inferences, and the inference is plainly there. But, yes, is that a shortcut? You can see, it would have been a lot easier if you had made the allegation, right? There's no question. Would you see why that makes us wonder why it's not there? Well, I can certainly represent to you that it would be there, and perhaps that's the simplest way to deal with it. No, it's the negative inference, all right? And you're trying to get over that by saying you're entitled to all favorable inferences. Well, look, I think the facts that are in there plausibly suggest that my client did not have actual notice of the receivership. And, yes, I'm entitled to the benefit of that inference, and there's no question that the court could not, certainly not, make a factual finding that my client did have actual notice. There was no basis in the record for that, or even should have had notice. Why don't we hear from Dr. Happily? Good morning, and may it please the Court. Michelle Ogneveni on behalf of the FDIC as receiver for Washington Mutual Bank. Since the theme of the appellant's presentation was whether she pled enough in the complaint, I'm going to focus on that first. Our short answer to that is no. Really, there are only three allegations in the complaint that she relies on to support her claim that she lacked notice of the receiver's appointment in time to file a claim by the bar date. And, first, the fact that she mailed a letter to Washington Mutual Home Loans, Inc., rather than the receiver on October 8, 2008, doesn't support a conclusion that she was unaware of the receiver's appointment in time to file a claim by the bar date. The letter was sent over two months before the bar date, and it would require several logical leaps, none of which is supported by any facts in the complaint, to infer that a letter to an entity other than Washington Mutual Bank or the receiver shows that she lacked knowledge of the bank's mail order. Well, her argument is, it's obvious that I didn't know. Otherwise, I would have sent it to the FDIC. That's her whole point. I don't think it is obvious. That's her point, correct? That is her point, and at most I think that shows that she didn't know about the receiver's appointment on October 8. It doesn't show us that she didn't learn of it later by virtue of the publication notice on October 31. Do you agree with her that the notice requirement in the statute must mean actual notice? I think the FDIC does agree that if a claimant could show that they lacked actual notice of the receiver's appointment, the exception could apply in those circumstances. But she just hasn't pled that here, and the allegations that she's relying on, it's just not a plausible conclusion that you can draw. Why don't you go through the other two? Given the historic and well-publicized nature of the Whamu failure, as Judge Rogers noted, this was the largest bank failure in U.S. history on the front pages of multiple newspapers covered everywhere. It's just implausible that she lacked knowledge of the receiver's appointment simply because she failed to receive mailed notice, and she filed her claim late. I mean, we don't know why she did that. She's never told us when she actually learned of the receiver's appointment. And so without any of that, it's just not plausible based on what she has alleged that she didn't know about the receiver's appointment. It's interesting your argument. I'm not following your argument given what the statute says. You're arguing as if the statute says it's two steps. We use publication, and maybe sometimes mailing is required. That's not what the statute says. The statute says mailing is required. The receiver shall mail notice if. It's another form of notification, and the statute makes it mandatory if the conditions are met, and they have pled enough facially, and you all agree it's a facial challenge. They have pled enough facially to suggest that FDIC should have, could have, did. You've never suggested you didn't because we've never gotten to any of those facts. You've never denied that that letter was received by someone in power to respond to it. I looked through all the papers. It's not there. But, of course, it wouldn't be there because it's not a factual dispute. But the statute says you're required to give mail notice. It doesn't say only if the publication notice somehow fails. It says you must with respect to someone who meets these requirements. That's what the law is. That's what they're pleading. Well, Judge Edwards, I think we would disagree that it's undisputed that she was entitled to mail notice. No, no, it's not undisputed. It's whether she pled enough to put this in dispute, and the district court tried to get around it, and you tried to save the district court by saying it's judicial notice that she knew that Schneider had moved and that Washington Mutual wasn't really in existence, et cetera. That's to defeat the exception and not to dispute. Your Honor, it's not just judicial notice that was taken about the JPMorgan Chase acquisition. I mean, the appellant herself has stated that in her brief in this appeal. She concedes that. It's not a disputed fact. So it's not really a matter of judicial notice. That was an undisputed fact that the district court considered. Wait, wait, wait. What was an undisputed fact? It's undisputed that the FDIC's receiver sold all the assets to JPMorgan Chase. It doesn't answer the suggestion made in the complaint that the FDIC still, we can reasonably assume, they would have gotten a copy of this letter or Schneider would have gotten it, et cetera. None of that is played out, and they pled that. And what I'm saying to you is, facially, the section with respect to mail-in required is not dependent upon what happens with respect to publication. We've been discussing it that way, but that's not what the statute says. Well, there are two responses to that. First of all, just as a matter of what she's pled, she's pled that she sent a letter to Washington Mutual Home Loans, Inc., the president of that, who is David Schneider. At that time, on October 8th, the FDIC did not own any assets of Washington Mutual Bank. No. They had already been transferred to JPMorgan Chase, and that's undisputed. And so there's no way to infer that the FDIC was receiving mail sent to any WAMU entity at that time. It is a reasonable inference, unless it's contested, and we haven't gotten to that stage. And maybe you can blow them out on summary judgment. And Herd says a district court can't do this. They can't make these kinds of factual findings that are going to be dispositive. Well, I don't think that the district court really made any factual findings. It only considered the allegations in the complaint, which we agree with the district court that they were insufficient, and it relied on undisputed facts, and it relied on sort of the— No, exactly. What you meant because you were responding to the points, Washington Mutual's non-existence, Schneider's departure, and what kind of inferences. What do we think about that? We don't think anything about it because it's not a proven fact. Well, I think it's a conceded fact. But moving on, as for what the consequences of a failure to mail notice would be if the FDIC were obligated to mail notice here, if you're assuming that, this court in Freeman acknowledged that there are really no consequences to a failure to mail notice if a claimant had actual notice. No question. And so I think that her failure to allege that she lacked actual notice, the failure to include facts in her complaint that would support a reasonable conclusion that she lacked actual notice, and the undisputed fact that this was the largest bank failure in U.S. history and was well publicized, those things combined with the undisputed fact that the FDIC complied with its publication notice requirements. She doesn't have actual notice of the process available and the due date. That's what Freeman is suggesting. We distinguish between notice of the appointment of receiver and the due date and the process. Well, the process requirement was not actually part of Freeman's holding. Freeman acknowledged that really the exception only talks about lack of notice of the receiver's appointment. Freeman said that there could be a due process concern if someone lacked notice of the claims process. But here I think that she hasn't even alleged that. And as a bankruptcy trustee, she herself acknowledges that she's very familiar with how claims processes work. And so if she had notice of the receiver's appointment, she was at least on inquiry notice. You know, I should look into this and find out what I need to do to preserve my rights. And she didn't do that, I suppose. Or she chose to just wait. We don't know. Because we don't know when she learned of the receiver's appointment. She hasn't told us. And she hasn't provided any other facts to indicate, you know, how it was that she didn't hear about the largest failure in U.S. bank history. And I think there was a lot of discussion about this facial versus factual distinction. But I think what the appellant has not emphasized, and I want to make sure the court doesn't lose sight of it, is she bears the burden to plead facts sufficient to allow the court to conclude that it has jurisdiction. And if that's challenged, she bears the burden to present evidence to prove it. She hasn't identified what disputed facts were decided by the district court. As I said, I think that the district court really only considered the allegations in the complaint and undisputed facts. And really, at the end of the day, the key difference between these challenges is whether disputed facts need to be decided. The cases on which the appellant relies indicate that if there are factual disputes, the plaintiff should be allowed some time to conduct discovery, if needed, as appropriate, to discover the information she needs to plead the necessary facts. But it's unclear how discovery would have helped Feldman here. In her opposition to the FDIC's motion to dismiss, she never asked for discovery. And it's not true that no evidence was presented here. The FDIC attached a declaration with its publication notices to its motion to dismiss. It was quite clear what the FDIC's theory was. And as the person bearing the burden, it was on Feldman to produce evidence to support her claim that the court had jurisdiction. She didn't do that. She didn't ask for discovery. Wait a minute. What do you think you attached to the motion, my recollection? We attached to the motion. A copy of the publication notice that you provided and a copy of the complaint. Yes. That Feldman filed in the Eastern District of Pennsylvania has nothing to do with anything. Well, I said they attached a declaration with the publication notices. Well, that's not advancing us anywhere. Well, Your Honor, I think that it shows Feldman clearly what the FDIC's argument is. And if she wanted to rebut that evidence with evidence that she truly lacked notice of the receiver's appointment, it was incumbent on her to do so. Or if she thought she needed discovery, it was incumbent on her to ask for it. She didn't. And so I think that, you know, and also she now claims on appeal, you know, I could have amended my complaint to include these allegations. Well, this case was stayed for many years before we eventually, the FDIC eventually filed its motion to dismiss. She could have amended at any time during that period. She eventually did amend when the stay was lifted right away, but didn't include any supplemental allegations about her lack of knowledge. And so it's hard to see how, you know, how she truly would be able to make these amendments. That would be plausible in the circumstances if she hasn't done so already. I think also to just touch on. Are you familiar with the case Judge Edwards referred to heard? I don't think I'm familiar with that particular decision. But as I said, I don't think the district court really took improper judicial notice of anything. By judicial notice, I think primarily the district court relied on just the allegations in the complaint and undisputed facts. To the extent it took judicial notice, I was merely referring to the media coverage of the Washington Mutual Bank failure, which have also been acknowledged in other court decisions, which recited in the district court's opinion. So I'm not really sure that it was properly categorized as judicial notice. Maybe that was just an error in choice of terms on my part. But you acknowledge the district court made some findings of fact regarding the person to whom she addressed the letter. Well, that fact, though, was not disputed. And even in appellant's opening brief. It was used as a way to show that the FDIC did not have notice of her claim. Yes, but I think that that was not. I understand you want to parse her findings, all right, so that we don't have a legal error. But she did make these findings of fact. Yes, and I don't think that but I don't think those findings were necessary to the conclusion that she ultimately reached that lack of notice was not adequately alleged in the complaint and that there wasn't a reasonable inference. That can't be. That's not what the district court said. I mean, it would have been a much shorter opinion if that was dispositive to the district judge. She simply said the complaint fails to allege lack of notice. But the district court did go on to discuss how well known this was, that the October 8th letter couldn't have gotten there because the company no longer existed. Why did she put all that in there if they weren't necessary to her opinion? Well, what I meant was I don't think that the particular I don't think that the particular fact about whether, you know, about whether WAMU existed, those sorts of things, I don't think they're really essential because it's undisputed that JPMorgan Chase had acquired Washington Mutual's assets at that point. And I mean, really, there's even a question about whether Washington Mutual Home Loans Inc. was even part of Washington Mutual Bank. I don't think it was. But we haven't gotten into that. It's not in the district court's opinion. In the complaint, in paragraph 54, they pled, she pled that she was not mailed a notice of the claims var date. And under 12b, that would require an inference that she also did not actually know about the claims var date. I don't know how we would... Respectfully, Your Honor, I don't think that's true. She did not receive mailed notice. Okay. We'll accept that as true. All right. But that does not mean that she, that does not lead to a reasonable inference in these circumstances. And given her other allegations, that she lacked actual notice of the receiver's appointment through some other means. Actual notice about the claims var date. There's a reasonable inference. You're saying that she did not have actual notice of the claims var date. No, I disagree. I don't think that that's a reasonable inference you can draw from the fact that she did not receive mailed notice. And many courts have drawn that conclusion, Judge Edwards. There have been many cases where claimants have not received mailed notice. You know, in those cases, maybe it was undisputed whether they were known to the receiver. But in any case, they didn't receive mailed notice. And yet the var date was still applied to them. They were charged with notice via the publication notice. Or because they had actual notice through some other means. If you fit the category of mailing required, publication does it? No. I haven't found that case. No, no. That's my whole point. But I think the problem is. You're misreading the statute. They claim they didn't get the mailed notice, which obviously means you infer that there's no knowledge. And the statute says if you're in a certain category, you are entitled to mailed notice. I think our disagreement here is whether she actually was entitled to mailed notice. And I don't think she's alleged an adequate basis for concluding that she was. That's our argument. And my concern is that the district court preempted it by making findings of facts which you're wavering on. You called them judicial notice in your arguments. They're not judicial notice, which knocks out her argument, which would put her in the exception. And she's in the exception. The statute says she's entitled to mailed notice. I just think that her allegation that she sent a letter to Washington Mutual Home Loans, Inc., is just not sufficient to draw a reasonable inference that the FDIC received that letter, given the undisputed fact that the FDIC no longer had any assets of Washington Mutual on that date. And it's undisputed that JPMorgan Chase had taken over. And the person to whom that letter was directed was employed by JPMorgan Chase. Those are undisputed facts. And so the allegation that she sent a letter to a WAMU entity of some sort does not support an inference that the FDIC received it. You could disagree with me, but ultimately, I think that even if that's the case, under the Elmco Properties case, the Fourth Circuit decision that the appellant cites, even if the FDIC had the obligation to mail notice to her and she never received it, if she had actual notice of the receiver's appointment, which we don't think she's adequately alleged that she didn't, then that wouldn't matter. The failure to mail notice would essentially be harmless if she had actual notice. So really, that's the key flaw here in her complaint. She hasn't alleged a lack of actual notice, either under the exception analysis or under the due process analysis. All right. Thank you. Thank you. Counsel Ford Pong? I find it bizarre, to say the least, to hear that, well, the district court didn't make any fact findings. I think it's all you need to do is read the district court's opinion to know that the district court did make fact findings. And I also think it's strange for them, the FDIC, to argue that, well, okay, those fact findings are there, but they don't matter because ‑‑ Well, is she right that it's uncontested that the FDIC didn't own any assets at that point, and it's uncontested that, what's his name, Schneider, didn't work there anymore? No. That's not uncontested? That's not uncontested. I see. Don't respond to a question with a question. Tell me whether or not it's contested. It's contested. And how would I know that from the record? You would know it because it's not in my complaint, and that's all that anyone should have been looking at. And so for the district court to go off and find facts about what the state of affairs was at Washington Mutual, where no one has said anything, and there's no record for making that finding, is an error. Now, I also think just sort of fundamentally that this notion that Washington Mutual ceased to exist on the day that it went into a receivership, and therefore every piece of mail that was in transit to Washington Mutual just went into a black hole. And, you know, if you sent your mail to someone who was fired, no one ever looked at it then. Is that what the FDIC does with institutions that it's responsible for liquidating the assets of? It ignores all the mail once it takes it over? I think that strains credulity to look at it that way and say, oh, well, this letter was addressed to the wrong person at the bank, so we couldn't possibly have figured out who your claim was. That's the importance of the mail of notice requirement. So you file a complaint that has three paragraphs about a letter sent before the publication, the due date, bar date, and you never ask for discovery. Is that correct? We didn't ask for discovery. Even after the FDIC filed its motion and attached the notice of publications? Correct, because, one, we can get the exception without defeat with, yes, the notice was published. It doesn't matter. The question is, did we have actual notice of the receivership? The inference is there in the complaint that we did. And so I don't need discovery because I can defeat their motion because they confined their motion. That's what I thought your position was. You do not need discovery because those three paragraphs are sufficient to show that no matter what the state of the world, your client did not have notice. Correct. All right. Thank you. We will take the case under advisement.
judges: Rogers, Tatel, Edwards